■ BERNARD KLEIN, Appellant, v HOOTING, INC., et al., Respondents. HOOTING, INC., Third-Party Plaintiff, v S. KLEIN COMPANY, Also Known as KLEIN ELECTRICAL CO., INC., Third-Party Defendant-Respondent. SOLOMON WITRIOL et al., Second Third-Party Plaintiffs, v CMT ENTERPRISES, INC., Second Third-Party Defendant-Respondent. [699 NYS2d 49] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 5, 1998, which granted the motion by defendants Solomon Witriol et al. (the Witklag Realty defendants) for nunc pro tunc inclusion in a prior order dismissing this action against defendant Hooting and second third-party defendant CMT Enterprises for failure to prosecute, and denied plaintiff's cross motion to reconsider on renewal that prior dismissal order, unanimously reversed, on the law, without costs, the motion denied and the cross motion granted to the extent of remanding for an *in camera* hearing on the merits of opening plaintiff's default.

This is a personal injury action stemming from a 1986 accident at a construction site owned by the Witklag Realty defendants while plaintiff was in the employ of the now-defunct subcontractor, third-party defendant S. Klein Company. Defendant Hooting was the general contractor. The role of second third-party defendant CMT is not clear from the record on this appeal. The law firm of Turner & Owen represented Hooting, the Witklag Realty defendants and CMT. Plaintiff was represented by the firm of Easton & Clark.

Plaintiff never filed a note of issue in this case. Instead, three consecutive stipulations were entered, extending the time for such filing during the pendency of unsuccessful settlement efforts. Finally, in 1997, the Turner & Owen firm moved, on behalf of Hooting and CMT, for dismissal under CPLR 3216, for failure to prosecute. Defendant S. Klein separately supported the Hooting/CMT dismissal motion. No one seemed to notice, at the time, that second third-party defendant CMT was not the subject of any direct claims by plaintiff. (Its appearance as a third-party defendant in this case was derivative of the claims against the Witklag Realty defendants, who were

not party to the 1997 dismissal motion). Without an affidavit of merits, plaintiff's counsel cursorily opposed the dismissal motion on the ground that failure to file note of issue was merely an oversight during intensive settlement efforts.

The motion was granted in an order entered January 9, 1998, the court directing entry of judgment "dismissing the complaint against defendants Hooting Inc. and CMT". (Again, no one seemed to notice that CMT was not identified as a defendant in the complaint.)

Three months later, the Turner & Owen firm moved to modify the January 1998 order nunc pro tunc to include the "inadvertently omitted" Witklag Realty defendants therein, generally reiterating the delay as it affected all three of the firm's clients. Plaintiff opposed and cross-moved, this time with an affidavit of merits, for reargument/renewal of the January 1998 order and seeking vacatur of his default vis-à-vis Hooting and CMT, as well as the Witklag Realty defendants. Attorney Clark implied that the firm's delay in prosecuting was due to the law office failure of his partner, attorney Easton. The court granted the motion to modify and additionally dismiss as against the Witklag Realty defendants, citing its authority, under CPLR 2001, "to correct * * * a mistake if a substantial right of a party is not prejudiced."

It is hard to imagine how plaintiff could have been any more prejudiced than to have his complaint dismissed against his last remaining defendants. This was not a case that had been abandoned; settlement negotiations were ongoing. In addition to an affidavit of merits, plaintiff offered an excuse for the delay in filing note of issue, viz., the attorney's personal problems which had newly come to light, and that counsel was willing to explain *in camera*. This was an appropriate basis for plaintiff's cross motion to renew. At the very least, the court should have heard counsel *in camera*. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.