The Supreme Court has broad discretion in supervising disclosure and in resolving discovery disputes (see Conte v County of Nassau, 87 AD3d 558, 559 [2011]; Silberstein v Maimonides Med. Ctr., 77 AD3d 910 [2010]; Rinaldi v Evenflo Co., Inc., 62 AD3d 856 [2009]). However, the Appellate Division may substitute its own discretion for that of the trial court in such matters, even in the absence of an abuse of discretion (see Colantonio v Mercy Med. Ctr., 102 AD3d 649, 650 [2013]; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 209 [2012]).
In the present case, given the appellants’ persistent failure to cooperate with the plaintiffs’ repeated requests to schedule the examinations of the plaintiffs, the Supreme Court providently exercised its discretion in granting the appellants’ motion to strike the note of issue only to the extent of directing that the depositions of the plaintiffs be conducted expeditiously. However, under the circumstances of this case, the court also should have directed the prompt independent medical examinations of the plaintiffs, and we remit the matter for the expeditious schedul *647 ing of those examinations. We discern no basis for disturbing the Supreme Court’s determination that the appellants, by their conduct, are deemed to have waived all other outstanding discovery in this action (see generally Hadden v Consolidated Edison Co. of N.Y., 45 NY2d 466, 469 [1978]). Mastro, J.P., Lott, Austin and Roman, JJ., concur.