■ H.P.S. MANAGEMENT COMPANY, INC., et al., Appellants, v St. Paul Surplus Lines Insurance Company et al., Respondents. [7 NYS3d 462]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated October 1, 2012, as denied that branch of their motion pursuant to CPLR 3104 (d) which was in effect, to review stated portions of a directive of a Court Attorney Referee, made at a discovery conference on June 27, 2012.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

"The Supreme Court has broad discretion in supervising disclosure and in resolving discovery disputes. However, the Appellate Division may substitute its own discretion for that of the trial court in such matters, even in the absence of an abuse of discretion" (*Clarke v Clarke*, 113 AD3d 646, 646 [2014] [citations omitted]).

Here, in response to the defendants' three separate discovery demands, the plaintiffs provided a single computer flash drive which contained more than 9,000 pages of documents. The plaintiffs did not indicate which documents corresponded to which discovery demands. At a discovery conference, the defendants contended that the plaintiffs failed to comply with CPLR 3122 (c) because the documents provided by the plaintiffs in response to their discovery demands were not produced in the manner that the documents were kept in the regular course of business and were not labeled to correspond to the categories in the defendants' demands. The Court Attorney Referee agreed, and directed the plaintiffs to, in effect, provide their discovery responses in a manner that allows the defendants "to know and understand" which documents apply to their separate discovery demands. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion pursuant to CPLR 3104 (d) which was to vacate the directive of the Court Attorney Referee (*see* CPLR 3101 [a]; 3122 [c]; *see also Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Chambers, J.P., Hall, Cohen and Miller, JJ., concur.