■ EJAZ JAVEED, an Infant, by His Mother and Natural Guardian, TAHIRA PERVEEN, et al., Appellants, v 3619 REALTY CORP. et al., Defendants, and NEW DEAL REALTY CORP. et al., Respondents. [12 NYS3d 219]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Kings County (Knipel, J.), dated March 14, 2013, as (a) denied that branch of their motion which was pursuant to CPLR 2221 (a) to modify a previous order of the same court dated July 5, 2012, so as to extend the time within which to complete discovery, (b) granted the application of the defendants New Deal Realty Corp., VMR Builders Corp., Vincent Falcone, Michael Falcone, Robert Bruzzese, Meir Michael Solomon, and Daniel "Dan" McLoud to dismiss the complaint pursuant to CPLR 3126 as a sanction for the plaintiffs' failure to comply with the court-ordered discovery schedule set forth in the order dated July 5, 2012, and (c) denied, as academic, those branches of their motions and separate cross motion which were pursuant to CPLR 3126, inter alia, to impose sanctions upon the defendants New Deal Realty Corp., VMR Builders Corp., Vincent Falcone, Michael Falcone, Robert Bruzzese, Meir Michael Solomon, Daniel "Dan" McLoud, N.Y. Lead Abatement Corp., Yosef "Yossi" Stern, Sheril Stern, and David Rogatsky for failure to comply with certain outstanding discovery demands and court-ordered discovery and (2) so much of an order of the same court dated October 18, 2013, as (a) denied that branch of their motion which was to vacate so much of the order dated March 14, 2013, as granted the application of the defendants New Deal Realty Corp., VMR Builders Corp., Vincent Falcone, Michael Falcone, Robert Bruzzese, Meir Mi-

chael Solomon, and Daniel "Dan" McLoud to dismiss the complaint pursuant to CPLR 3126, and (b), in effect, upon reargument, adhered to the determinations in the order dated March 14, 2013, denying those branches of their motions and cross motion which were pursuant to CPLR 2221 (a) to modify the order dated July 5, 2012, so as to extend the time within which to complete discovery and pursuant to CPLR 3126, inter alia, to impose sanctions upon the defendants New Deal Realty Corp., VMR Builders Corp., Vincent Falcone, Michael Falcone, Robert Bruzzese, Meir Michael Solomon, Daniel "Dan" McLoud, N.Y. Lead Abatement Corp., Yosef "Yossi" Stern, Sheril Stern, and David Rogatsky for failure to comply with certain outstanding discovery demands and court-ordered discovery.

Ordered that the appeal from the order dated March 14, 2013, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated October 18, 2013, is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was to vacate so much of the order dated March 14, 2013, as granted the application of the defendants New Deal Realty Corp., VMR Builders Corp., Vincent Falcone, Michael Falcone, Robert Bruzzese, Meir Michael Solomon, and Daniel "Dan" McLoud to dismiss the complaint pursuant to CPLR 3126, and substituting therefor a provision granting that branch of the plaintiffs' motion and (2) by deleting the provision thereof, in effect, upon reargument, adhering to the determinations in the order dated March 14, 2013, denying that branch of the plaintiffs' motion which was pursuant to CPLR 2221 (a) to modify the order dated July 5, 2012, so as to extend the time within which to complete discovery, and substituting therefor a provision, upon reargument, vacating the determination in the order dated March 14, 2013, denying that branch of the plaintiffs' motion, and thereupon granting that branch of the plaintiffs' motion; as so modified, the order dated October 18, 2013, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, to schedule the order of priority with respect to the parties' outstanding discovery, and to impose new discovery deadlines applicable thereto, including a new deadline for the service and filing of the note of issue.

The appeal from so much of the order dated March 14, 2013, as denied, as academic, those branches of the plaintiffs' motions and separate cross motion which were pursuant to CPLR

3126, inter alia, to impose sanctions upon the defendants New Deal Realty Corp., VMR Builders Corp., Vincent Falcone, Michael Falcone, Robert Bruzzese, Meir Michael Solomon, and Daniel "Dan" McLoud (hereinafter collectively the New Deal defendants), and N.Y. Lead Abatement Corp., Yosef "Yossi" Stern, Sheril Stern, and David Rogatsky (hereinafter collectively the Lead Abatement defendants) for failure to comply with certain outstanding discovery demands and court-ordered discovery must be dismissed, as those portions of the order were superseded by so much of the order dated October 18, 2013, as was made upon reargument. The appeal from the remaining portions of the order dated March 14, 2013, must be dismissed as academic in light of our determination on the appeal from the order dated October 18, 2013.

In February 2005, the plaintiffs commenced this action against, among others, the New Deal defendants and the Lead Abatement defendants to recover damages allegedly sustained as a result of exposure to lead paint. The New Deal defendants included the managing agents of the premises in which the exposure allegedly occurred, as well as several entities and individuals with ownership or equity interests in those premises. The Lead Abatement defendants included entities and individuals involved in abating, or attempting to abate, the presence of lead paint at the premises. After a lengthy period of discovery that necessitated numerous instances of court intervention and extensions of time to file a note of issue, the New Deal defendants, joined in by the Lead Abatement defendants, moved to dismiss the complaint on the ground that the plaintiffs had failed to comply with prior discovery orders. In an order dated July 5, 2012, the Supreme Court, inter alia, denied the New Deal defendants' motion, concluding that the record did not demonstrate that the plaintiffs had "engaged in a pattern of willful and contumacious disregard of court orders." The court granted the plaintiffs "one final extension," and directed that they file a note of issue on or before September 21, 2012.

Pursuant to a notice of motion dated August 20, 2012, the New Deal defendants moved to compel the plaintiffs to produce certain discovery materials. The plaintiffs cross-moved to strike the answers of both the New Deal defendants and the Lead Abatement defendants on the ground that they failed to adequately respond to certain discovery demands. The plaintiffs separately moved pursuant to CPLR 3126 to impose sanctions upon the New Deal defendants and the Lead Abatement defendants for failure to comply with certain outstanding

discovery demands and court-ordered discovery, and to modify the order dated July 5, 2012, so as to extend the time within which to complete discovery. In an attorney's affirmation submitted in response to one of the plaintiffs' motions, the New Deal defendants argued that the complaint should be dismissed pursuant to CPLR 3126 as a sanction for the plaintiffs' failure to comply with the court-ordered discovery schedule set forth in the order dated July 5, 2012.

In an order dated March 14, 2013, the Supreme Court denied that branch of the plaintiffs' motion which was to modify the order dated July 5, 2012, so as to extend the time within which to complete discovery. The court, among other things, granted the application of the New Deal defendants to dismiss the complaint pursuant to CPLR 3126 as a sanction for the plaintiffs' failure to comply with the court-ordered discovery schedule set forth in the order dated July 5, 2012, and denied, as academic, those branches of the plaintiffs' motions and separate cross motion which were pursuant to CPLR 3126 to impose sanctions upon the New Deal defendants and the Lead Abatement defendants for failure to comply with certain outstanding discovery demands and court-ordered discovery.

The plaintiffs thereafter moved, inter alia, to vacate so much of the order dated March 14, 2013, as granted the application of the New Deal defendants to dismiss the complaint pursuant to CPLR 3126. The plaintiffs simultaneously moved for leave to reargue those branches of their prior motions and cross motion which were pursuant to CPLR 2221 (a) to modify the order dated July 5, 2012, so as to extend the time within which to complete discovery and pursuant to CPLR 3126 to impose sanctions upon the New Deal defendants and the Lead Abatement defendants for failure to comply with outstanding discovery demands and court-ordered discovery.

In an order dated October 18, 2013, the Supreme Court, among other things, in effect, granted those branches of the plaintiffs' motion which were for leave to reargue. However, in effect, upon reargument, the court adhered to its prior determinations. In addition, the court denied that branch of the plaintiffs' motion which was to vacate so much of the order dated March 14, 2013, as granted the application of the New Deal defendants to dismiss the complaint pursuant to CPLR 3126.

"The Supreme Court has broad discretion in supervising disclosure and in resolving discovery disputes" (*Clarke v Clarke*, 113 AD3d 646, 646 [2014]; *see H.P.S. Mgt. Co., Inc. v St. Paul Surplus Lines Ins. Co.*, 127 AD3d 1018 [2015]). A court may

strike a party's pleading or impose some other sanction if the party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126; *see Wolf v Flowers*, 122 AD3d 728, 728-729 [2014]). However, "[b]efore a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (*Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *see Dimoulas v Roca*, 120 AD3d 1293, 1295 [2014]). Although the nature and degree of the penalty to be imposed pursuant to CPLR 3126 rests within the discretion of the Supreme Court, the Appellate Division may substitute its own discretion for that of the trial court in such matters, even in the absence of an abuse of that discretion (*see Clarke v Clarke*, 113 AD3d at 646; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209-210 [2012]).

In the order dated July 5, 2012, the Supreme Court concluded that the plaintiffs' failure to comply with the previous court-ordered discovery schedules was not clearly willful and contumacious. The record further demonstrates that the plaintiffs' subsequent failure to comply with the court-ordered discovery schedule set forth in the order dated July 5, 2012, was not clearly willful and contumacious. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was to vacate so much of the order dated March 14, 2013, as granted the application of the New Deal defendants to dismiss the complaint pursuant to CPLR 3126 as a sanction for the plaintiffs' failure to comply with the court-ordered discovery schedule set forth in the order dated July 5, 2012 (*see Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 801 [2010]; *Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]; *see also Messer v Keyspan Energy Delivery, Inc.*, 56 AD3d 738, 738-739 [2008]; *O'Neill v Ho*, 28 AD3d 626, 627 [2006]; *Jacobs v Macy's E., Inc.*, 17 AD3d 318, 320 [2005]).

In effect, upon reargument, the Supreme Court providently adhered to its prior determinations denying those branches of the plaintiffs' motions and cross motion which were pursuant to CPLR 3126 to impose sanctions upon the New Deal defendants and the Lead Abatement defendants for failure to comply with outstanding discovery demands and court-ordered discovery. Contrary to the plaintiffs' contention, they did not clearly demonstrate that any failure by those defendants to comply with discovery, or any delay in furnishing requested

discovery, was willful and contumacious (*see 1523 Real Estate, Inc. v East Atl. Props., LLC*, 41 AD3d 567, 568 [2007]).

Since the Supreme Court should have granted that branch of the plaintiffs' motion which was to vacate so much of the order dated March 14, 2013, as directed the dismissal of the complaint pursuant to CPLR 3126, the court, in effect, upon reargument, should also have vacated its prior determination denying that branch of the plaintiffs' motion which was to modify the order dated July 5, 2012, so as to extend the time within which to complete discovery, and thereupon granted that branch of the plaintiffs' motion. Under the circumstances of this case, we remit this matter to the Supreme Court, Kings County, to schedule the order of priority with respect to the parties' outstanding discovery and to impose new discovery deadlines applicable thereto, including a new deadline for the service and filing of a note of issue (*see generally Betty v City of New York*, 12 AD3d 472, 474 [2004]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.