■ SEGUNDO YUNGA, Appellant, v YONKERS CONTRACTING COMPANY, INC., Defendants/Third-Party-Plaintiffs-Respondents, and HORIZON AT RIDGE HILL, Respondent, et al., Defendant. VILLA CONSTRUCTION, INC., Third-Party Defendant-Respondent. [21 NYS3d 716]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated November 19, 2014, which (1) granted those branches of the motion of the defendants Yonkers Contracting Company, Inc., Forest City Ratner Companies, LLC, Forest City Enterprises, Inc., and FC Yonkers Associates, LLC, which were pursuant to CPLR 3126 and 3404 to dismiss the complaint insofar as asserted against them, (2) granted the separate motion of the third-party defendant pursuant to CPLR 3216 to dismiss the complaint, and (3) denied the plaintiff's cross motion to extend his time to file a note of issue and to compel and schedule further discovery.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with one bill of costs, those branches of the motion of the defendants Yonkers Contracting Company, Inc., Forest City Ratner Companies, LLC, Forest City Enterprises, Inc., and FC Yonkers Associates, LLC, which were pursuant to CPLR 3126 and 3404 to dismiss the complaint insofar as asserted against them are denied, the separate motion of the third-party defendant pursuant to CPLR 3216 to dismiss the complaint is denied, the plaintiff's cross motion to extend the plaintiff's time to file a note of issue and to compel and schedule further discovery is granted, and the matter is remitted to the Supreme Court, Kings County, to schedule the order of priority with respect to the parties' outstanding discovery, and to impose new discovery deadlines applicable thereto, including a new deadline for the service and filing of the note of issue.

The plaintiff allegedly was injured on June 10, 2009, when the scaffolding on which he was standing collapsed, causing him to fall several feet to the ground. He commenced this action against the defendants, and a third-party action was subsequently commenced by the defendants Yonkers Contracting Company, Inc., Forest City Ratner Companies, LLC, Forest City Enterprises, Inc., and FC Yonkers Associates, LLC (hereinafter collectively the Forest defendants), against the plaintiff's employer, Villa Construction, Inc. (hereinafter Villa).

In October 2011, prior to the completion of discovery, the plaintiff allegedly returned to his native Ecuador to care for his wife—who had been diagnosed with thyroid cancer—and the couple's two children.

In late 2012, the plaintiff, who was still in Ecuador, moved through his attorneys to complete his deposition via video or telephone conference, or through written questions, alleging that while he fully intended to pursue the action, forcing him to return to the United States at that time would result in severe and undue hardship. Villa, as well as the Forest defendants, cross-moved to dismiss the action pursuant to CPLR 3126. Without deciding the pending motion and cross motions, the Supreme Court, in an order dated October 26, 2012, simply marked the action off the calendar, stating that the "plaintiff may move to restore as per the CPLR."

Approximately one year later, as the plaintiff had not yet moved to restore the action, Villa served two 90-day notices upon the plaintiff pursuant to CPLR 3216. When the plaintiff did not file a note of issue in response to the notices, Villa moved to dismiss the complaint pursuant to CPLR 3216. The

Forest defendants separately moved, inter alia, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3126 and 3404. The plaintiff—who by that time had recently returned to the United States—cross-moved to extend the time to file a note of issue and to compel and schedule further discovery. The Supreme Court granted Villa's motion, granted that branch of the Forest defendants' motion which was to dismiss the complaint insofar as asserted against them, and denied the plaintiff's cross motion. The plaintiff appeals.

As the plaintiff correctly asserts, the order dated October 26, 2012, could not have been made pursuant to CPLR 3404, as the case was still at a pre-note of issue stage (*see Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17 [2013]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 199 [2001]). Thus, the plaintiff was under no particular deadline to move to "restore" the action, and the Forest defendants had no basis upon which to seek dismissal of the action as abandoned pursuant to CPLR 3404 (*see Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d at 17). Thus, the Supreme Court should have denied that branch of the Forest defendants' motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3404.

Further, the record does not support any finding that the plaintiff engaged in the type of willful and contumacious conduct that would justify the drastic remedy of dismissing the complaint as a discovery sanction (*see Sowerby v Camarda*, 20 AD3d 411 [2005]). Thus, the Supreme Court should have denied that branch of the Forest defendants' motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3126.

Under the circumstances presented, the Supreme Court improvidently exercised its discretion in granting Villa's motion to dismiss the complaint pursuant to CPLR 3216 (*see Ferrara v N.Y. & Atl. Ry. Co.*, 25 AD3d 753 [2006]; *cf. Klein v Hooting, Inc.*, 267 AD2d 12 [1999]). To the extent that the Forest defendants contend, on appeal, that dismissal of the complaint, insofar as asserted against them, was proper pursuant to CPLR 3216, this contention is without merit. A dismissal under CPLR 3216 can only be granted with respect to the party or parties that served the requisite 90-day notice (*see Reyes v Ross*, 289 AD2d 554, 555 [2001]; *Fichera v City of New York*, 79 AD2d 597, 598 [1980]). As the Forest defendants never served a 90-day notice, they had no basis, pursuant to CPLR 3216, to seek dismissal of the complaint insofar as asserted against them.

Accordingly, the Supreme Court should have granted the plaintiff's cross motion to extend the time for him to file a note of issue and to compel and schedule further discovery. As the Supreme Court is in a better position to establish new deadlines for the completion of discovery, we remit the matter to that court to schedule the order of priority with respect to the parties' outstanding discovery, and to impose new discovery deadlines applicable thereto, including a new deadline for the service and filing of the note of issue (*see Javeed v 3619 Realty Corp.*, 129 AD3d 1029 [2015]). Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.