■ HOUSEHOLD FINANCE REALTY CORPORATION OF NEW YORK, Appellant, v ALFRED DELLA CIOPPA et al., Respondents, et al., Defendants. (Appeal No. 1.) HOUSEHOLD FINANCE REALTY CORPORATION OF NEW YORK, Appellant, v ALFRED DELLA CIOPPA et al., Respondents, et al., Defendants. (Appeal No. 2.) [61 NYS3d 259]—

In an action to foreclose a mortgage, the defendants Alfred Della Cioppa and Roberta Della Cioppa appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Dutchess County (Rosa, J.), entered August 26, 2014, as, upon an order of the same court dated March 5, 2014, granting their motion for summary judgment dismissing the complaint, sua sponte, deemed the underlying loan current and directed them to resume making monthly payments on the subject loan in the amount of $3,068.63, commencing April 15, 2014, with leave to the plaintiff to commence a new foreclosure action in the event they failed to make any monthly payment. The plaintiff cross-appeals, as limited by its brief, from (1) so much of an order of the same court dated September 3, 2013, as granted those defendants' motion pursuant to CPLR 3126 to impose sanctions on the plaintiff to the extent of prohibiting the plaintiff from

producing evidence for which information had been sought by them but not disclosed by the plaintiff, and (2) so much of the judgment as, upon the order dated March 5, 2014, granting those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff violated Banking Law § 6-m, is in favor of those defendants and against it dismissing the complaint.

Ordered that the cross appeal from the order dated September 3, 2013, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and in the exercise of discretion, so much of the order dated September 3, 2013, as granted the motion of the defendants Alfred Della Cioppa and Roberta Della Cioppa pursuant to CPLR 3126 to impose sanctions on the plaintiff to the extent of prohibiting the plaintiff from producing evidence for which information had been sought by them but not disclosed by the plaintiff, and the order dated March 5, 2014, are vacated, and the matter is remitted to the Supreme Court, Dutchess County, for a new determination of those defendants' motion for summary judgment dismissing the complaint; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The cross appeal from the intermediate order dated September 3, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the cross appeal from the order are brought up for review and have been considered on the cross appeal from the judgment (see CPLR 5501 [a] [1]).

In this foreclosure action, the defendants Alfred Della Cioppa and Roberta Della Cioppa (hereinafter together the defendants) moved pursuant to CPLR 3126 to impose sanctions on the plaintiff for its failure to comply with two orders of the Supreme Court which set deadlines for the plaintiff to respond to discovery demands. The plaintiff opposed the motion, arguing in part that it had made a good faith effort to comply with the defendants' discovery demands, that it had provided a response to the demands, and that any brief delay was unintentional. In an order dated September 3, 2010, the Supreme Court granted the defendants' motion to the extent of prohibiting the plaintiff from producing evidence either at trial or in support of any dispositive motion for which information was sought by the defendants but not disclosed. Thereafter, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff violated Banking Law § 6-m. The plaintiff opposed the motion, submitting only

its attorney's affirmation in opposition. In an order dated March 5, 2014, the Supreme Court granted the defendants' motion, and thereupon deemed the loan current, with the plaintiff forfeiting all interest due from the date of the default to April 15, 2014, at which time the defendants would be obligated to resume making monthly payments on the loan in an amount specified by the court. A judgment was entered upon the orders on August 26, 2014.

"The Supreme Court has broad discretion in supervising disclosure and in resolving discovery disputes" (*Clarke v Clarke*, 113 AD3d 646, 646 [2014]; *see H.P.S. Mgt. Co., Inc. v St. Paul Surplus Lines Ins. Co.*, 127 AD3d 1018 [2015]). A court may strike a party's pleading or impose some other sanction if the party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126; *see Wolf v Flowers*, 122 AD3d 728, 728-729 [2014]). However, "[b]efore a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (*Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *see Dimoulas v Roca*, 120 AD3d 1293, 1295 [2014]). Although the nature and degree of the penalty to be imposed pursuant to CPLR 3126 rests within the discretion of the trial court, the Appellate Division may substitute its own discretion for that of the trial court in such matters, even in the absence of an abuse of that discretion (*see Javeed v 3619 Realty Corp.*, 129 AD3d 1029, 1033 [2015]; *Clarke v Clarke*, 113 AD3d at 646; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209-210 [2012]).

Here, there was insufficient evidence to demonstrate that the plaintiff's failure to comply with prior discovery orders of the court was willful and contumacious, and thus, the Supreme Court should not have prohibited it from producing evidence either at trial or in support of any dispositive motion for which information was sought by the defendants but not disclosed. We note in this regard that the submission by the defendant Alfred Della Cioppa, an attorney, of an affirmation rather than an affidavit in support of the motion pursuant to CPLR 3126 was improper (*see* CPLR 2106), and that document should have been disregarded because it was not in admissible form (*see Schwartz v Sayah*, 83 AD3d 926, 927 [2011]; *Matter of Nazario v Ciafone*, 65 AD3d 1240, 1241 [2009]; *Lessoff v 26 Ct. St. Assoc., LLC*, 58 AD3d 610, 611 [2009]). Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3126.

In light of our determination, so much of the order dated September 3, 2013, as granted the defendants' motion pursuant to CPLR 3126 to preclude to the extent of prohibiting the plaintiff from producing evidence for which information had been sought by the defendants but not disclosed by the plaintiff, must be vacated. Moreover, inasmuch as the preclusion order applied to any such evidence which may have been relevant to dispositive motions such as the defendants' subsequent motion for summary judgment, the order dated March 5, 2014, granting the defendants' motion for summary judgment, must be vacated as well, and the matter remitted to the Supreme Court, Dutchess County, for a new determination of the defendants' motion for summary judgment dismissing the complaint.

We need not reach the parties' remaining contentions in light of our determination. Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.