HSBC Bank USA, N.A. v Oscar (2018 NY Slip Op 03667)





HSBC Bank USA, N.A. v Oscar


2018 NY Slip Op 03667


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-02811
 (Index No. 11840/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Pierre Oscar, appellant, et al., defendants.


Rubin & Licatesi, P.C., Garden City, NY (Richard H. Rubin and Amy J. Zamir of counsel), for appellant.
Shapiro DiCaro & Barak, LLC, Rochester, NY (Ellis M. Oster and Jason P. Dionisio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Pierre Oscar appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 20, 2015. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Pierre Oscar and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him and pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2005, the defendant Pierre Oscar (hereinafter the defendant) executed a promissory note in the amount of $236,000 in favor of Opteum Financial Services, LLC (hereinafter Opteum), which was secured by a mortgage on residential property in Westbury. The mortgage was later assigned to the plaintiff. In September 2013, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. In his answer, the defendant asserted 16 affirmative defenses, including that the plaintiff lacked standing to commence the action and failed to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion and cross-moved pursuant to CPLR 3212 and CPLR 3126 to dismiss the complaint insofar as asserted against him. By order entered November 20, 2015, the Supreme Court, inter alia, granted that branch of the motion and denied the cross motion. The defendant appeals.
Generally, in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (see US Bank N.A. v Cohen, 156 AD3d 844, 845; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). However, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must also prove its standing as part of its prima facie showing (see US Bank N.A. v Cohen, 156 AD3d at 845). "A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with [*2]the filing of the complaint" (see id. at 845-846; Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Once a note is transferred, the mortgage passes as an incident to the note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; US Bank N.A. v Cohen, 156 AD3d at 846).
Here, the plaintiff established, prima facie, its standing by demonstrating that the note was in its possession when it commenced the action, as evidenced by its attachment of a copy of the note endorsed in blank to the summons and complaint (see US Bank N.A. v Cohen, 156 AD3d at 846; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842; Emigrant Bank v Larizza, 129 AD3d 904, 905; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152). The plaintiff's submissions also established that the subject loan was not a "home loan" within the meaning of RPAPL 1304, and that the plaintiff was therefore not required to comply with the statutory notice provisions of RPARL 1304 (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825; Bayview Loan Servicing, LLC v Akande, 154 AD3d 694, 695). The plaintiff further established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of default (see US Bank N.A. v Cohen, 156 AD3d 846). In opposition, the defendant failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant. For the same reasons, we agree with the court's determination denying that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him.
Furthermore, we agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against him. " The Supreme Court has broad discretion in supervising disclosure and in resolving discovery disputes'" (Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910, quoting Clarke v Clarke, 113 AD3d 646, 646). "A court may strike a party's pleading or impose some other sanction if the party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d at 910, quoting CPLR 3126). "However, [b]efore a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious'" (Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d at 910, quoting Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739). The defendant failed to demonstrate that the plaintiff's response to the defendant's request to admit was inadequate and failed to otherwise demonstrate that the plaintiff willfully failed to comply with the discovery demand (see PNC Bank, N.A. v Campbell, 142 AD3d 1148, 1149).
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court