Maliah-Dupass v Dupass (2018 NY Slip Op 08018)





Maliah-Dupass v Dupass


2018 NY Slip Op 08018


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-04053
 (Index No. 8089/12)

[*1]Sian Maliah-Dupass, plaintiff,
v
Jahiz Dupass, appellant.


Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), entered March 2, 2017. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3126 to preclude the plaintiff from producing certain physical evidence or testimony at trial and for interim counsel fees in the sum of $5,000.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant's motion which was to preclude the plaintiff from producing physical evidence or testimony at trial relating to her bank statements for the past three years, her credit card statements for the past three years, the monthly bills listed on her statement of net worth, any financial contribution made by anyone other than the defendant toward her dental hygienist license, and the social security disability benefits she is receiving on behalf of the parties' children, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2002 and have three children. In 2012, the plaintiff commenced this action for a divorce and ancillary relief. On August 21, 2012, the defendant served the plaintiff with discovery demands. Between March 20, 2013, and December 14, 2014, the Supreme Court issued five compliance conference orders, inter alia, directing the plaintiff to respond to the defendant's discovery demands. Pursuant to a compliance conference order dated June 19, 2014, the defendant's attorney sent a letter to the plaintiff's attorney requesting specific items of discovery. After the plaintiff failed to comply with the compliance conference order dated December 14, 2014, directing her to comply with the June 19, 2014, order and the defendant's discovery demands, the defendant moved, inter alia, pursuant to CPLR 3126 to preclude the plaintiff from producing certain physical evidence or testimony at trial and for interim counsel fees in the sum of $5,000. The court denied the defendant's unopposed motion on the ground that he did not comply with the requirements of 22 NYCRR 202.7. The defendant appeals.
The Supreme Court should not have denied the defendant's motion on the ground that he did not comply with 22 NYCRR 202.7. The defendant's motion was supported by the affirmation of his attorney, which contained an adequate statement explaining his good faith effort to resolve the issues raised by the defendant's motion (see 22 NYCRR 202.7; Giordano v Giordano, 140 AD3d [*2]699, 700; Matter of Greens at Washingtonville, Ltd. v Town of Blooming Grove, 98 AD3d 1118, 1119; Matter of Saratoga Prop. Devs., LLC v Assessor of City of Saratoga Springs, 62 AD3d 1107, 1108).
The Supreme Court also should not have denied that branch of the defendant's motion which was to impose a penalty upon the plaintiff pursuant to CPLR 3126. Although the nature and degree of the penalty to be imposed pursuant to CPLR 3126 rests within the discretion of the trial court, the Appellate Division may substitute its own discretion for that of the trial court in such matters, even in the absence of an abuse of that discretion (see Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910; Javeed v 3619 Realty Corp., 129 AD3d 1029, 1033; Clarke v Clarke, 113 AD3d 646).
A court may prohibit a party "from producing in evidence designated things or items of testimony" if the party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126[2]; see Patino v Carlyle Three, LLC, 148 AD3d 1175, 1177; Argo v Queens Surface Corp., 58 AD3d 656; Carabello v Luna, 49 AD3d 679). Before a court invokes the drastic remedy of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1057; Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d at 910; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739). The willful and contumacious character of a party's conduct can be inferred from either (1) the repeated failure to respond to demands or comply with court-ordered discovery, without a reasonable excuse for these failures, or (2) the failure to comply with court-ordered discovery over an extended period of time (see Candela v Kantor, 154 AD3d 733, 734; Pesce v Fernandez, 144 AD3d 653, 654; Gutman v Cabrera, 121 AD3d 1042, 1043).
Here, the defendant demonstrated that the plaintiff failed to comply with court-ordered discovery over an extended period of time. The willful and contumacious character of the plaintiff's conduct may be inferred from her failure to respond to the defendant's letter dated July 16, 2014, despite two court orders directing her to do so, and her failure to proffer any excuse for her failure. Accordingly, that branch of the defendant's motion which was to preclude the plaintiff from producing physical evidence or testimony at trial relating to certain limited items previously requested but not disclosed should have been granted.
We agree, however, with the Supreme Court's denial of that branch of the defendant's motion which was to direct the plaintiff to pay interim counsel fees in the sum of $5,000, since the plaintiff is the less-monied spouse (see Domestic Relations Law § 237[a]; Maliah-Dupass v Dupass, 140 AD3d 832, 833).
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court