Lopez v Maggies Paratransit Corp. (2022 NY Slip Op 06793)

Lopez v Maggies Paratransit Corp.

2022 NY Slip Op 06793

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-04679
 (Index No. 516777/16)

[*1]Billy Lopez, appellant, 
v
Maggies Paratransit Corp., et al., respondents.

Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel and William Thonus of counsel), for appellant.
Zaklukiewicz Puzo & Morrissey, LLP, Islip Terrace, NY (Stephen F. Zaklukiewicz of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated February 10, 2020. The order granted the defendants' motion for discovery sanctions to the extent of directing dismissal of the complaint pursuant to CPLR 3126(3).
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the defendants' motion for discovery sanctions to the extent of directing dismissal of the complaint pursuant to CPLR 3126(3), and substituting therefor a provision granting the motion to the extent of vacating the note of issue, directing the plaintiff to provide the defendants with authorizations permitting the release of medical records relating to pertinent injuries which pre-date the subject accident, and directing the plaintiff's attorney to pay the sum of $3,000 to the defendants' attorney; as so modified, the order is affirmed, with costs payable by the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries allegedly resulting from a motor vehicle accident. After several years of discovery, including a deposition of the plaintiff and disclosure of certain medical records, the defendants moved for discovery sanctions. The Supreme Court granted the motion to the extent of directing dismissal of the complaint pursuant to CPLR 3126(3). The plaintiff appeals.
The Supreme Court has discretion in supervising disclosure and in resolving discovery disputes (see Cook v SI Care Ctr., 205 AD3d 875, 877; Clarke v Clarke, 113 AD3d 646, 646). However, the Appellate Division may substitute its own discretion for that of the trial court in such matters (see Javeed v 3619 Realty Corp., 129 AD3d 1029, 1033; Clarke v Clarke, 113 AD3d at 646). Since public policy strongly favors the resolution of actions on the merits, the drastic remedy of dismissal of a complaint is not warranted unless there is a clear showing that the plaintiff's failure to comply with discovery demands or orders was willful and contumacious (see CPLR 3126; Williams v Suttle, 168 AD3d 792, 793; Rosenblatt v Franklin Hosp. Med. Ctr., 165 AD3d 862, 862; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210). "The general rule is that the court will impose a sanction commensurate with the particular disobedience it is designed [*2]to punish and go no further than that" (Crupi v Rashid, 157 AD3d 858, 859).
Here, the Supreme Court improvidently exercised its discretion in granting the defendants' motion to the extent of directing dismissal of the complaint pursuant to CPLR 3126(3). Although the plaintiff initially failed to provide authorizations for the release of medical records relating to pertinent injuries which pre-date the subject accident, the plaintiff did provide date-restricted authorizations for the release of medical records relating to pertinent injuries approximately one week after the defendants requested them. When the defendants moved for discovery sanctions, the only discernible discovery dispute was whether the defendants were entitled to authorizations from specified providers that were unrestricted as to date. Rather than conferring with the plaintiff about the date restrictions in the authorizations he had provided, the defendants moved for discovery sanctions, notwithstanding that responsive authorizations had been served. Under these circumstances, the defendants did not clearly demonstrate that the plaintiff's discovery-related conduct was willful and contumacious (see Javeed v 3619 Realty Corp., 129 AD3d at 1033-1034; cf. Williams v Suttle, 168 AD3d at 794).
However, in light of the plaintiff's delay in disclosing information about prior injuries that bear on the controversy and would assist preparation for trial (see generally Matter of Kapon v Koch, 23 NY3d 32, 38), the Supreme Court should have granted the defendants' motion to the extent of vacating the note of issue (see Lewis v City of New York, 206 AD3d 896, 897; Gelin v New York City Tr. Auth., 189 AD3d 789, 793), directing the plaintiff to provide the defendants with authorizations permitting the release of medical records relating to pertinent injuries which pre-date the subject accident, and directing the plaintiff's attorney to pay the sum of $3,000 to the defendants' attorney.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court