**American Express Natl. Bank v Kleiman**

2024 NY Slip Op 33113(U)

September 6, 2024

Supreme Court, New York County

Docket Number: Index No. 152537/2021

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. DEBRA A. JAMES**   PART   59

*Justice*

-------------------------------------------------------------------------------X

AMERICAN EXPRESS NATIONAL BANK

Plaintiff,

- v -

SHEILA KLEIMAN,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152537/2021 |
| MOTION DATE | 08/26/2021 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18

were read on this motion to/for _____ DISMISSAL _____.

ORDER

Upon the foregoing documents, it is

ORDERED that the motion of the defendant Sheila Kleiman to dismiss the complaint is denied, and it is further

ORDERED that defendant Sheila Kleiman shall serve and file an answer to the complaint within 20 days from service of this order with notice of entry; and it is further

ORDERED that counsel are directed to post on NYSCEF a proposed preliminary discovery conference order or competing proposed preliminary discovery conference order(s) at least two days before October 24, 2024, on which date counsel shall appear via Microsoft Teams, unless such appearance be waived by the court.

152537/2021   AMERICAN EXPRESS NATIONAL BANK vs. KLEIMAN, SHEILA          Page 1 of 4
Motion No.  001

1 of 4

DECISION

The defendant Sheila Kleiman ("Kleiman") moves to dismiss the complaint of plaintiff American Express National Bank ("AmEx") (the "Complaint"), which seeks damages for breach of a credit card agreement. She moves pursuant to CPLR 3211(a)(7) and (8), asserting that she was not properly served with process, and that the Complaint fails to state a meritorious claim for breach of contract.

"The affidavit of service filed by plaintiff was prima facie evidence that defendant was properly served with the summons and complaint pursuant to CPLR 308(2)." JP Morgan Chase Bank v Dennis, 166 AD3d 530 (1st Dept 2018). The affidavit states that the summons and complaint was left with the concierge, who confirmed that the location was Kleiman's dwelling or usual place of abode. See NYSCEF Doc. No. 011.

Kleiman does not submit her own affidavit, but instead, submits an affirmation from her daughter Diane Kleiman, who is an attorney. In such affirmation, Diane Kleiman states that Kleiman never resided at the location where process was served. Attached to such affirmation is a letter to Kleiman, in which AmEx "confirms [Kleiman's] assignment of [her daughter] as Account Manager", which letter is addressed to Kleiman at a different address. See NYSCEF Doc. No. 008.

**152537/2021   AMERICAN EXPRESS NATIONAL BANK vs. KLEIMAN, SHEILA**   **Page 2 of 4**
Motion No.  001

2 of 4

[* 2]

The unsworn affirmation of Kleinman's daughter is insufficient to rebut the presumption of service or to warrant a further hearing on such issue. See JP Morgan Chase Bank, 166 AD3d 530 (1st Dept 2018) ("To rebut this prima facie showing, defendant was required to submit a sworn, nonconclusory denial of service or swear to specific facts to rebut the statements in the process server's affidavit").

Moreover, Diane Kleinman identifies herself as an attorney and it is unclear whether or not as "Account Manager" she is the real party in interest in this action. Therefore, her use of an affirmation, without the complete declaration "which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law", effective January 1, 2024, or without a notary public acknowledgement, effective before January 1, 2024, pursuant to CPLR 2106, is not permitted. See Household Finance Realty Corp of New York v Cioppa, 153 AD3d 908, 911 (2d Dept 2017).

Finally, as argued by AmEx, the allegations of its complaint are sufficient to state a cause of action against Kleiman for breach of the credit agreement. In any event, the court may consider the Affidavit of AmEx's Assistant Custodian of Records, as to such Custodian's assertions that AmEx performed under the credit agreement. See Leon v Martinez, 84 NY2d 83, 88 (1994) and

**152537/2021   AMERICAN EXPRESS NATIONAL BANK vs. KLEIMAN, SHEILA**
**Motion No.  001**

**Page 3 of 4**

<u>Grassi & Co., CPAS, P.C. v Honka</u>, 180 AD3d 564, 565 (1st Dept 2020).

20240906164343DJAMES431623A7717E47CD8FFAC87F2E35A36F

| __9/6/2024__ | | | | |
|---|---|---|---|---|
| __DATE__ | | | __DEBRA A. JAMES, J.S.C.__ | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152537/2021   AMERICAN EXPRESS NATIONAL BANK vs. KLEIMAN, SHEILA**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]