Kirby v Philbert

2026 NY Slip Op 02397

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Leon Anthony Kirby, appellant,

v

Nalston P. Philbert, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-07421, (Index No. 511401/19)

Hector D. Lasalle, P.J.

Francesca E. Connolly

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Law Offices of Patrick J. Mullaney, P.C. (Michael H. Zhu, Esq., P.C., Rego Park, NY, of counsel), for appellant.

Giordano, Glaws & Fenstermacher, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Kathryn M. Beer], of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated March 20, 2024. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3124 and 3126 to strike the defendants' answer for failure to produce court-ordered discovery or, in the alternative, to preclude the defendants from supporting claims on defenses or to direct all liability issues resolved in favor of the plaintiff.

ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to recover damages for personal injuries. In a compliance conference order dated May 15, 2023, the defendants were directed to respond to the plaintiff's post-deposition demand for certain disclosure by June 24, 2023. By notice of motion dated October 19, 2013, the plaintiff moved pursuant to CPLR 3124 and 3126 to strike the defendants' answer for failure to produce the material demanded or, in the alternative, to preclude the defendants from supporting claims on defenses or to direct all liability issues resolved in favor of the plaintiff. In an order dated March 20, 2024, the Supreme Court denied the plaintiff's motion but directed the defendants to produce the material demanded on or before June 5, 2024. The plaintiff appeals.

"'The Supreme Court has broad discretion in making determinations concerning matters of disclosure, including the nature and degree of the penalty to be imposed under CPLR 3126'" (Perez v Tedesco, 214 AD3d 1010, 1011-1012, quoting Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 836). "Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct. The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time" (Taglianetti v Bay Ridge Med. [*2]Imaging, P.C., 229 AD3d 477, 478-479 [citations and internal quotation marks omitted]).

Here, there was no clear showing that the defendants' failure to comply with court-ordered discovery was willful and contumacious. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, while extending the deadline for the defendants to produce the discovery demanded (see Javeed v 3619 Realty Corp., 129 AD3d 1029, 1033; Iscowitz v County of Suffolk, 54 AD3d 725; Jenkins v City of New York, 13 AD3d 342, 342-343).

LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court