FOURTH DEPARTMENT, JUNE, 1967

(June 13, 1967)*

In the Matter of LEON GELMAN, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.— Memorandum: Respondent seeks to dismiss the petition herein on the ground that it is predicated on testimony and exhibits which he was induced to give to petitioner on its preliminary investigation of his professional conduct, by his fear of the consequences of not doing so. He does not claim that his fear was caused by any act of petitioner but says that it resulted from his cognizance of a judicial decision which has since been overruled. He feared that assertion of his privilege

---

* Not published with other decisions of June, 1967, 28 A D 2d 805.—— [Rep.

against self incrimination would result in his disbarment under the rule laid down in *Matter of Cohen* (9 A D 2d 436, affd. 7 N Y 2d 488, affd. *sub nom. Cohen* v. *Hurley*, 366 U. S. 117) until that case was overruled by *Spevack* v. *Klein* (385 U. S. 511) on January 16, 1967. In our opinion the effect of a court decision on the mind of a lawyer is not a form of compulsion which he may later invoke to prevent use of prior testimony or statements which he then seeks to disavow. "The protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under the threat of removal from office". (*Garrity* v. *New Jersey*, 385 U. S. 493, 500.) The protection is required to be afforded only in a criminal case (U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 6). A disciplinary proceeding is not a criminal case and the afore-mentioned constitutional provisions are not applicable thereto (*Matter of Randel*, 158 N. Y. 216, 219; *Matter of Rouss*, 221 N. Y. 81, 86; *Matter of Wysell*, 10 A D 2d 199; *Matter of Ungar*, 27 A D 2d 925). Use in this proceeding of prior testimony and records is not proscribed by any constitutional or statutory provision and the same may properly be considered herein. Concur — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.