■ THEATRE CONFECTIONS, INC., Respondent, v ANDREA THEATRES, INC., et al., Appellants.—Order unanimously reversed, on the law, without costs, and motion granted, in accordance with the following memorandum: It was an abuse of discretion for Special Term to deny defendants' application, pursuant to CPLR 2201, for a stay of this State action pending resolution of a Federal action commenced by defendants against plaintiff. At issue in both actions is the validity of the agreements which plaintiff seeks to enforce in the State action. Defen-

dants contend that these agreements violate Federal antitrust laws. This is an issue over which the Federal court has exclusive jurisdiction (see, 15 USC § 15; *Vendo Co. v Lektro-Vend Corp.,* 433 US 623, 632; *Banana Distribs. v United Fruit Co.,* 269 F2d 790, 793). Where, as here, alleged violations of antitrust laws arise directly out of the contract provisions sought to be enforced in the State action, a State court will not enforce the contract if found to be illegal under Federal law (see, *Kaiser Steel Corp. v Mullins,* 455 US 72; *Continental Wall Paper Co. v Voight & Sons Co.,* 212 US 227; *Big Top Stores v Ardsley Toy Shoppe,* 64 Misc 2d 894, 905, *affd* 36 AD2d 582; *cf. Kelly v Kosuga,* 358 US 516, 518-521; *Eastman Kodak Co. v GAF Corp.,* 71 AD2d 833). Since the issue of the legality of the agreements is central, not collateral, to resolution of the State action, considerations of comity, orderly procedure, and judicial economy demand that the Federal action be tried first (see, *General Aniline & Film Corp. v Bayer Co.,* 305 NY 479, 485; *Barron v Bluhdorn,* 68 AD2d 809; *Barnes v Peat, Marwick, Mitchell & Co.,* 42 AD2d 15; *Research Corp. v Singer-General Precision,* 36 AD2d 987). (Appeal from order of Supreme Court, Monroe County, Galloway, J.—dismiss action.) Present—Doerr, J. P., Denman, Green, Pine and Balio, JJ.