■ NORTH FORK BANK & TRUST COMPANY, Appellant, v BERNSTEIN & GERSHMAN et al., Respondents. [607 NYS2d 135] — In an action to recover amounts due under two promissory notes and guarantees, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), entered August 5, 1991, which denied its motion for summary judgment and for a determination of attorneys' fees.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the defendants' affirmative defenses and counterclaims are dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the reasonableness of the attorneys' fees owed to the plaintiff under the promissory notes and guarantees which are the subject of the action.

Contrary to the finding of the Supreme Court, there were no triable issues of fact which warranted the denial of the plaintiff's motion for summary judgment. The plaintiff clearly stated valid causes of action and established personal jurisdiction and proper venue. Moreover, by proof of the existence of the notes, the guarantees, and the default in payment thereof, the plaintiff demonstrated its right to summary judgment against all of the defendants (see, Curwil Constr. Corp. v RHP Dev. Corp., 194 AD2d 514). To the extent that the defendants relied upon prior or contemporaneous negotiations with the

plaintiff at the time of the execution of the notes and guarantees in order to vary the terms of those documents, such assertions violated the parol evidence rule *(see, Benderson Dev. Co. v Hallaway Props.,* 67 NY2d 963; *Citibank v Plapinger,* 66 NY2d 90, 94-95; *Braten v Bankers Trust Co.,* 60 NY2d 155, 162; *Marine Midland Bank-S. v Thurlow,* 53 NY2d 381, 387; *Bank of N. Y. v Kranis,* 189 AD2d 741). The defendants' assertion that the plaintiff orally agreed to accept certain collateral in lieu of taking any action on the notes and the guarantees is inconsistent with the plain terms of the notes, the guarantees, and a December 6, 1990, letter which was executed by the defendants Marshall Bernstein and Richard Gershman. Moreover, such an alleged agreement must be in writing since the Statute of Frauds precludes any oral executory modification of the notes and guarantees *(see,* General Obligations Law § 15-301 [1]; *Ber v Johnson,* 163 AD2d 817, 818; *Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 30). The record does not contain any evidence of part performance which would remove the alleged oral agreement from the Statute of Frauds. In addition, because the defendants expressly waived their right to interpose counterclaims in this action, the counterclaims should have been dismissed as a matter of law *(see, Extebank v Marco Group,* 194 AD2d 516). The allegation that the plaintiff utilized some funds which belonged to a third party when exercising its right of offset is not a defense to this action, and in any event, the defendants lacked standing to raise this issue *(see, Delaware & Hudson Co. v Mechanicville & Fort Edward R. R. Co.,* 268 NY 394, 399; *Eastman Kodak Co. v GAF Corp.,* 71 AD2d 833; *Neubauer v Smith,* 40 AD2d 790).

In light of the fact that the promissory notes and guarantees grant the plaintiff a right to recover attorneys' fees, we remit the matter to the Supreme Court for an inquest on the reasonableness of such fees. Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.