■ M & T MORTGAGE CORPORATION, Respondent, v JULIA ETHRIDGE, Appellant. [751 NYS2d 741] —In a mortgage foreclosure action, the defendant appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated May 17, 2001, as granted the plaintiff's motion for summary judgment, and (2) so much of an order of the same court, dated August 13, 2001, as, upon granting reargument, adhered to its original determination.

Ordered that the appeal from the order dated May 17, 2001, is dismissed, as that order was superseded by the order dated August 13, 2001, made upon reargument; and it is further,

Ordered that the order dated August 13, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly granted the plaintiff's motion for summary judgment. In support of its motion, the plaintiff established its prima facie entitlement to judgment as a mat-

ter of law through the production of a mortgage and an unpaid note. It was then incumbent upon the appellant to assert any defense which could properly raise a question of fact as to her default on the mortgage (*see LBV Prop. v Greenport Dev. Co.,* 188 AD2d 588, 589). The appellant's conclusory and unsubstantiated allegations that the plaintiff behaved in a fraudulent and collusive manner are insufficient to create a triable issue of fact (*see Marine Midland Bank v Renck,* 208 AD2d 688, 689; *LBV Prop. v Greenport Dev. Co., supra*). The appellant alleges that she relied upon prior or contemporaneous statements of the plaintiff at the time of the execution of the note. Such assertions violate the parol evidence rule and are barred (*see North Fork Bank & Trust Co. v Bernstein & Gershman,* 201 AD2d 472).

Moreover, the appellant has failed to demonstrate how further discovery might reveal the existence of a triable issue of fact which would warrant the denial of summary judgment (*see Castrol, Inc. v Parm Trading Co. of N.Y.C.,* 228 AD2d 633, 634).

The appellant's remaining contentions are without merit. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.