WELLS FARGO BANK, N.A., as Trustee for the MLMI TRUST SERIES-2005-HE3, Respondent, v EMANUEL ARCHIBALD, Appellant, et al., Defendants. [54 NYS3d 439]—

In an action to foreclose a mortgage, the defendant Emanuel Archibald appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated June 29, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 2005, Emanuel Archibald (hereinafter the defendant) and Yvonne Moody (hereinafter together the defendants) executed a note in the sum of $503,400 in favor of Option One Mortgage Corporation (hereinafter Option One), which was secured by a mortgage on residential property located in Highland Mills. Thereafter, Option One assigned the mortgage to the plaintiff by written assignment dated June 29, 2005. In August 2008, the plaintiff commenced this action to foreclose the mortgage. The defendants served an answer in which they asserted as an affirmative defense that the plaintiff lacked standing to commence the action. The defendants then moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, arguing that the plaintiff lacked standing. In an order dated March 26, 2015, the Supreme Court denied the motion, and we are affirming that order insofar as appealed from (*see Wells Fargo Bank, N.A. v Archibald*, 150 AD3d 935 [2d Dept 2017] [decided herewith]). In May 2015, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendants opposed the motion, arguing again that the plaintiff lacked standing. In an order dated June 29, 2015, the court granted the plaintiff's motion. The defendant appeals from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference. We affirm insofar as appealed from.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]; *see HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]). However, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing as part of its prima facie showing (*see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016]; *Deutsche Bank Natl. Trust Co. v Cunningham*, 142 AD3d 634, 635 [2016]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced (*see U.S. Bank, N.A. v Noble*, 144 AD3d 786, 787 [2016]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]).

Here, in support of its motion, the plaintiff submitted the note, the mortgage, and an affidavit of April Martin, a "Document Execution Specialist" for the loan servicer, in which Martin stated that the subject loan was in default.

Moreover, the plaintiff established, prima facie, that it had standing to commence the action. Contrary to the defendant's contention that the plaintiff lacked standing to commence this action because the written assignment only assigned the mortgage, the plaintiff demonstrated that it had standing based on the written assignment, which expressly stated that, in addition to the mortgage, Option One assigned "all right, title and interest in [the] note" (*see U.S. Bank N.A. v Akande*, 136 AD3d 887, 890 [2016]; *Emigrant Bank v Larizza*, 129 AD3d 904, 904-905 [2015]; *Wells Fargo Bank, N.A. v Ali*, 122 AD3d 726, 727 [2014]).

In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.