(June 28, 2017)

█ Bank of America, N.A., Respondent, v Sylvia Rancic DeNardo et al., Appellants, et al., Defendants. [58 NYS3d 469]—

In an action to foreclose a mortgage, the defendants Sylvia Rancic DeNardo and Joseph DeNardo appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated April 1, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, denied that branch of their cross motion which was to dismiss the complaint insofar as asserted against them, and granted the plaintiff's cross motion for leave to amend the complaint and the caption nunc pro tunc, (2) from an order of the same court, also dated April 1, 2015, which, inter alia, referred the matter to a referee to ascertain and compute the amount due on the mortgage loan, and (3) from a judgment of foreclosure and sale of the same court dated October 2, 2015, which, upon the orders, is in favor of the plaintiff and against them directing a foreclosure and sale of the subject property.

Motion by the respondent, inter alia, to dismiss the appeals from the orders on the ground that the right of direct appeal therefrom terminated with the entry of the judgment in the action. By decision and order on motion of this Court dated March

11, 2016, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeals from the orders is granted; and it is further,

Ordered that the appeals from the orders, are dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeals from the orders dated April 1, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501 [a] [1]).

In 2005, the defendant Sylvia Rancic DeNardo executed a note in favor of Countrywide Bank, N.A., which was secured by a mortgage on residential property owned by Sylvia and her husband, the defendant Joseph DeNardo (hereinafter together the defendants). The mortgage was executed by both defendants. Thereafter, Sylvia executed a second note dated September 10, 2007, and both defendants executed a second mortgage. The notes and mortgages were consolidated pursuant to a consolidation, extension, and modification agreement, also dated September 10, 2007. Subsequently, the mortgage was assigned to Countrywide Bank, FSB, and then to BAC Home Loans Servicing, LP (hereinafter the plaintiff). In July 2011, the plaintiff merged with Bank of America, N.A. (hereinafter Bank of America).

In May 2012, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendants cross-moved, inter alia, pursuant to CPLR 3211 (a) and 3212 to dismiss the complaint insofar as asserted against them. The plaintiff then cross-moved to amend the complaint and the caption nunc pro tunc to substitute Bank of America as the plaintiff. In two orders dated April 1, 2015, the Supreme Court granted the plaintiff's motion and cross motion, and denied the

defendants' cross motion. Upon those orders, the court issued a judgment of foreclosure and sale dated October 2, 2015.

The Supreme Court properly granted the plaintiff's cross motion for leave to amend the complaint and caption nunc pro tunc to substitute Bank of America as the plaintiff. Leave to amend a pleading shall be freely given provided that the proposed amendment is not palpably insufficient or patently devoid of merit, and there is no evidence that it would prejudice or surprise the opposing party (*see* CPLR 3025 [b]; *Hothan v Mercy Med. Ctr.*, 105 AD3d 905, 906 [2013]; *Blue Diamond Fuel Oil Corp. v Lev Mgt. Corp.*, 103 AD3d 675, 676 [2013]; *Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]). Here, Bank of America is the plaintiff's successor by merger, and the amendment of the complaint and caption to substitute it as the plaintiff in this action would not, by its nature, result in prejudice or surprise to the defendants (*see Mortgage Elec. Registration Sys., Inc. v Holmes*, 131 AD3d 680, 681-682 [2015]; *United Fairness, Inc. v Town of Woodbury*, 113 AD3d 754, 755 [2014]).

"[I]n an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079, 1080 [2010] [internal quotation marks omitted]; *see U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711, 711 [2008]). "The burden then shifts to the defendant to demonstrate 'the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff' " (*U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d at 711, quoting *Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]).

Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by producing the mortgages dated October 28, 2005, and September 10, 2007, respectively, the consolidated note dated September 10, 2007, and the consolidation, extension, and modification agreement dated September 10, 2007, along with evidence of default in the form of the affidavit of a vice president for Bank of America, who stated that Bank of America maintained records for the subject loan and that Sylvia Rancic DeNardo had defaulted on the loan by failing to make the monthly payments due February 1, 2009, and thereafter. In opposition, the defendants failed to raise a triable issue of fact.

The defendants' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and denied that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against them. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.