In an action to foreclose a mortgage, the defendants Sharona Cohen and Doron Cohen appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Adams, J.), entered August 18, 2015, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, and denied their cross motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them for lack of standing or, in the alternative, for a hearing to determine whether the plaintiff failed to negotiate in good faith as required by CPLR 3408 (f), and (2) so much of an order of the same court entered August 20, 2015, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. .
 

 Ordered that the appeal from so much of the order entered August 18, 2015, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendants Sharona Cohen and Doron Cohen and for an order of reference is dismissed, as that portion of the order was superseded by the order entered August 20, 2015; and it is further,
 

 Ordered that the order entered August 18, 2015, is affirmed insofar as reviewed; and it is further,
 

 Ordered that the order entered August 20, 2015, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The plaintiff commenced this action to foreclose a consolidated mortgage. The appellants interposed an answer in which they asserted as an affirmative defense that the plaintiff lacked standing to commence the action. Following mandatory settlement conferences pursuant to CPLR 3408, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference. The appellants cross-moved pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them for lack of standing or, in the alternative, for a hearing to determine whether the plaintiff failed to negotiate in good faith as required by CPLR 3408 (f). The Supreme Court granted the plaintiffs motion and denied the appellants’ cross motion.
 

 “ ‘Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default’ ” (Wells Fargo Bank, N.A. v Archibald, 150 AD3d 937, 938 [2017], quoting Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [2015]). However, where, as here, a plaintiff’s standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (see Wells Fargo Bank, N.A. v Archibald, 150 AD3d at 938). “A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint” (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868 [2016]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]). Once a note is transferred, the mortgage passes as an incident to the note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Bank of N.Y. v Silverberg, 86 AD3d 274, 280 [2011]).
 

 Here, the plaintiff established, prima facie, its standing as the holder of the consolidated note by demonstrating that the consolidated note was in its possession at the time it commenced the action, as evidenced by its attachment of the consolidated note endorsed in blank to the summons and complaint at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492 [2017]; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313 [2017]). “ ‘[W]here the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date’ ” (Wells Fargo Bank, N.A. v Thomas, 150 AD3d at 1313, quoting Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 863 [2017]). Further, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the consolidated mortgage, the consolidated note, and evidence of the default (see Bank of Am., N.A. v DeNardo, 151 AD3d 1008, 1010 [2017]; Wells Fargo Bank, N.A. v Archibald, 150 AD3d at 938). In opposition, the appellants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference.
 

 Further, “[o]n a defendant’s motion to dismiss a complaint based upon the plaintiff’s alleged lack of standing, ‘the burden is on the moving defendant to establish, prima facie, the plaintiff’s lack of standing’ as a matter of law” (DLJ Mtge. Capital, Inc. v Pittman, 150 AD3d 818, 820 [2017], quoting Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59 [2015]). Since the plaintiff had attached the consolidated note endorsed in blank to the summons and complaint at the time the action was commenced, the appellants failed to meet this burden (see Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d at 492; U.S. Bank N.A. v Guy, 125 AD3d 845, 847 [2015]). Accordingly, the Supreme Court properly denied that branch of the appellants’ cross motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them for lack of standing.
 

 The Supreme Court also properly denied that branch of the appellants’ cross motion which was for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408 (f). The appellants failed to sufficiently allege that the totality of the circumstances demonstrated that the plaintiff’s conduct did not constitute a meaningful effort at reaching a resolution to warrant a hearing (see CitiMortgage, Inc. v Pugliese, 143 AD3d 659, 661-662 [2016]; PNC Bank, N.A. v Campbell, 142 AD3d 1147, 1148 [2016]; Wells Fargo Bank, N.A. v Miller, 136 AD3d 1024, 1025 [2016]).
 

 Rivera, J.P., Hall, Miller and Duffy, JJ., concur.