JPMorgan Chase Bank, N.A. v Corrado (2018 NY Slip Op 04705)





JPMorgan Chase Bank, N.A. v Corrado


2018 NY Slip Op 04705


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-11530
 (Index No. 18865/10)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Diane Corrado, appellant, et al., defendants (and a third-party action).


The Barrisons, New York, NY (Earl Barrison and Steven M. Barrison of counsel), for appellant.
Bonchonsky & Zaino, LLP, Garden City, NY (Christopher J.W. Verby and Peter R. Bonchonsky of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diane Corrado appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 20, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Diane Corrado and for an order of reference, and denied those branches of that defendant's cross motion which were for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaim to recover punitive damages for breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2003, the defendant Diane Corrado (hereinafter the defendant) executed a note in the sum of $125,000 in favor of Washington Mutual Bank, FA (hereinafter Washington Mutual). The note was secured by a mortgage on residential property located in Baldwin. In October 2010, the plaintiff, JPMorgan Chase Bank, National Association, "as purchaser of the loans and other assets" of Washington Mutual, commenced this action to foreclose the mortgage. The defendant served an answer in which she asserted the affirmative defense that the plaintiff lacked standing, along with several counterclaims.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved, inter alia, [*2]for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaims. In an order entered October 20, 2015, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals from stated portions of the order.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1001 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689). Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-362; US Bank N.A. v Cohen, 156 AD3d 844, 845-846; U.S. Bank, N.A. v Noble, 144 AD3d 786; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Once a note is transferred, the mortgage passes as an incident to the note (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d at 361-362; US Bank N.A. v Cohen, 156 AD3d at 846; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726).
Here, contrary to the defendant's contention, the plaintiff established, prima facie, its standing to commence the action. The plaintiff established that it had possession of the note at the time of the commencement of the action on October 5, 2010, pursuant to a purchase and assumption agreement between the Federal Deposit Insurance Corporation and the plaintiff dated September 25, 2008 (hereinafter the PAA), which transferred the bulk of Washington Mutual's assets, including "all of [Washington Mutual's] loans and loan commitments," to the plaintiff (JP Morgan Chase Bank N.A. v Miodownik, 91 AD3d 546, 547; see JP Morgan Chase Bank, N.A. v Shapiro, 104 AD3d 411). In further support, the plaintiff submitted the affidavits of its employees, Caitlin Q. DeWeese and Sumer J. Murton, which, taken together, established that the plaintiff had physical possession of the note, endorsed in blank by Washington Mutual, at the time of the commencement of the action (see Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663-664). Contrary to the defendant's contention, Murton's affidavit, submitted by the plaintiff with its reply papers, was not improperly considered by the Supreme Court, since the affidavit was offered in response to the defendant's contention in opposition to the motion that the plaintiff failed to establish its timely possession of the note, and merely clarified the plaintiff's initial submissions as to its possession of the note at the time of commencement (see id. at 664-665; OneWest Bank, FSB v Simpson, 148 AD3d 920, 922-923).
The plaintiff established, prima facie, that the defendant was in default on her obligations under the note and mortgage at the time it commenced the action (see Bank of Am., N.A. v DeNardo, 151 AD3d 1008, 1010). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and to deny that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her.
We also agree with the Supreme Court's determination to deny that branch of the defendant's cross motion which was for summary judgment on her counterclaim to recover punitive damages for breach of contract. In seeking punitive damages arising from a breach of contract, a party must show that the opposing party's conduct is actionable as an independent tort, that the tortious conduct was of the egregious nature set forth in Walker v Sheldon (10 NY2d 401, 404-405), that the egregious conduct was directed at the party seeking damages, and that the conduct was part of a pattern "directed at the public generally" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 316). The defendant failed to make the requisite showing.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court