Archibald v Wells Fargo Bank, N.A. (2018 NY Slip Op 07404)





Archibald v Wells Fargo Bank, N.A.


2018 NY Slip Op 07404


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-03618
 (Index No. 7349/15)

[*1]Emanuel Archibald, appellant, 
v
Wells Fargo Bank, N.A., etc., respondent.


Emanuel Archibald, Highland Mills, NY, appellant pro se.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated February 2, 2016. The order, insofar as appealed from, granted the motion of the defendant Wells Fargo Bank, N.A., pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2008, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced an action against Emanuel Archibald and Yvonne Moody, among others, to foreclose a mortgage on residential property located in Highland Mills (hereinafter the premises). In an order dated June 29, 2015, the Supreme Court granted Wells Fargo's motion, inter alia, for summary judgment on the complaint, and this Court affirmed the order insofar as appealed from (see Wells Fargo Bank, N.A. v Archibald, 150 AD3d 937). Thereafter, in September 2015, Archibald commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to the premises. Archibald alleged in the complaint, among other things, that, in February 2008, he and Moody validly rescinded the mortgage loan pursuant to the Federal Truth in Lending Act (15 USC § 1601 et seq.; hereinafter TILA). Wells Fargo moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, inter alia, that the action was barred by the doctrine of res judicata. The Supreme Court granted Wells Fargo's motion. Archibald appeals from so much of the order as granted Wells Fargo's motion.
" A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action'" (Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d 753, 754, quoting Ciraldo v JP Morgan Chase Bank, N.A.,140 AD3d 912, 913).
Here, all of the causes of action asserted in the complaint involve issues that either were raised, or could have been raised, in the foreclosure action. Accordingly, we agree with the determination of the Supreme Court granting Wells Fargo's motion to dismiss the complaint on the ground that the action was barred by the doctrine of res judicata (see CPLR 3211[a][5]; Mazzurco v Astoria Fed. Sav. & Loan Assn., 157 AD3d at 944; Osborne v Rossrock Fund II, L.P., 82 AD3d 727, 728).
Archibald's contention that the Supreme Court should have denied Wells Fargo's [*2]motion for an enlargement of time to respond to the complaint is not properly before this Court, as this issue was not determined in the order appealed from.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court