U.S. Bank N.A. v Greenberg (2019 NY Slip Op 00323)





U.S. Bank N.A. v Greenberg


2019 NY Slip Op 00323


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-02170
2017-06745
 (Index No. 130185/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Wayne B. Greenberg, etc., et al., appellants, et al., defendants.


Richard A. Rosenzweig, P.C., Staten Island, NY, for appellants.
Shapiro DiCaro & Barak, LLC, Rochester, NY (Jason P. Dionisio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Wayne B. Greenberg and Cathy E. Greenberg appeal from two orders of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated December 15, 2016, and March 21, 2017, respectively. The order dated December 15, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Wayne B. Greenberg and Cathy E. Greenberg and for an order of reference, and denied that branch of the cross motion of those defendants which was for summary judgment dismissing the complaint insofar as asserted against them. The order dated March 21, 2017, insofar as appealed from, granted that branch of the plaintiff's motion which was to strike the answer of the defendant Wayne B. Greenberg and appointed a referee to compute the money owed.
ORDERED that the orders dated December 15, 2016, and March 21, 2017, are affirmed insofar as appealed from, with one bill of costs.
The defendants Wayne B. Greenberg and Cathy E. Greenberg (hereinafter together the defendants) executed, in favor of the plaintiff's predecessors in interest, two promissory notes, both secured by mortgages on certain residential property, as well as a consolidation, extension, modification agreement (hereinafter CEMA), consolidating the notes and mortgages, and a consolidated note evidencing the total amount of the debt following consolidation. Upon the defendants' alleged default in making payments on the debt, the plaintiff commenced the instant foreclosure action. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted those branches of the plaintiff's motion and denied that branch of the defendants' cross motion.
Generally, in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056; US Bank N.A. [*2]v Cohen, 156 AD3d 844, 845; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). However, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must also prove its standing as part of its prima facie showing (see HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056; US Bank N.A. v Cohen, 156 AD3d at 845; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d at 1002). "A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; US Bank N.A. v Cohen, 156 AD3d at 845). Once a note is transferred, the mortgage passes as an incident to the note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; US Bank N.A. v Cohen, 156 AD3d at 846).
Here, the plaintiff established, prima facie, its standing by demonstrating that the consolidated note was in its possession when it commenced the action, as evidenced by its attachment of a copy of the consolidated note endorsed in blank to the summons and complaint (see HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056; U.S. Bank N.A. v Henry, 157 AD3d 839, 841; US Bank N.A. v Cohen, 156 AD3d at 846; U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Accordingly, the defendants' arguments questioning the validity of the assignments of mortgage are irrelevant to the plaintiff's standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362). Further, where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; U.S. Bank N.A. v Henry, 157 AD3d at 841; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645). Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of default. In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, and to deny the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court