JPMorgan Chase Bank, N.A. v Rosa (2019 NY Slip Op 01206)





JPMorgan Chase Bank, N.A. v Rosa


2019 NY Slip Op 01206


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-04625
2016-10403
2016-13489
 (Index No. 2822/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Angel Rosa, et al., appellants, et al., defendants.


Riquet Figaro, Brooklyn, NY, for appellants.
Bonchonsky & Zaino, LLP, Garden City, NY (Peter R. Bonchonsky, Ellen W. Groarke, and Kevin M. Butler of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Angel Rosa and Lillian Torres-Rosa appeal from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 17, 2016, (2) an order of the same court, also dated February 17, 2016, and (3) an order of the same court dated August 4, 2016. The first order dated February 17, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and to strike their answer, and for an order of reference. The second order dated February 17, 2016, insofar as appealed from, also granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and to strike their answer, and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff. The order dated August 4, 2016, denied those defendants' motion for leave to renew and reargue their opposition to the plaintiff's motion.
ORDERED that the appeal from so much of the order dated August 4, 2016, as denied that branch of the motion of the defendants Angel Rosa and Lillian Torres-Rosa which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the orders dated February 17, 2016, are affirmed insofar as appealed from; and it is further,
ORDERED that the order dated August 4, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On November 10, 2008, the defendants Angel Rosa and Lillian Torres-Rosa (hereinafter together the defendants) executed and delivered to Knightbridge Mortgage Bankers, LLC (hereinafter Knightbridge), a note whereby they promised to repay Knightbridge the principal sum of $518,161. On the same day, as collateral security for the note, the defendants executed and [*2]delivered to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), solely as nominee for Knightbridge, its successors and assigns, a mortgage, in the same principal amount, encumbering the defendants' property located at 1076 Lafayette Avenue in Brooklyn.
The plaintiff commenced this action to foreclose the mortgage. In their answer, the defendants raised affirmative defenses, including lack of standing, "fraud in the original transaction," and waiver and/or estoppel.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and to strike their answer, and for an order of reference. The defendants opposed the motion. The Supreme Court granted the motion in two orders, each dated February 17, 2016, and, in the second order dated February 17, 2016, appointed a referee. The defendants moved for leave to reargue and renew their opposition to the plaintiff's motion. The court denied the motion, and the defendants appeal from the three orders.
Generally, in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056; US Bank N.A. v Cohen, 156 AD3d 844, 845; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). "However, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must also prove its standing as part of its prima facie showing" (HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056; see US Bank N.A. v Cohen, 156 AD3d at 845; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d at 1002). "A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; US Bank N.A. v Cohen, 156 AD3d at 845). Once a note is transferred, the mortgage passes as an incident to the note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; US Bank N.A. v Cohen, 156 AD3d at 846).
Here, the plaintiff established, prima facie, that it had standing by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, containing an endorsement to the plaintiff, executed by the original lender, to the summons and complaint when the action was commenced (see HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056; U.S. Bank N.A. v Henry, 157 AD3d 839, 841; US Bank N.A. v Cohen, 156 AD3d at 846; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824 U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Under these circumstances, the defendants' arguments regarding the sufficiency of an affidavit of Jessica Dunn, an "authorized signer" for the plaintiff, the loan servicer, to prove the facts establishing the plaintiff's physical possession of the note prior to commencement of the action, and the validity of a certain written assignment of mortgage, are irrelevant to the issue of standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
The plaintiff further established its prima facie entitlement to judgment as a matter of law by producing, in addition to the mortgage and the unpaid note, evidence of the defendants' default in repayment of the loan (see HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056; US Bank N.A. v Cohen, 156 AD3d at 845; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d at 1002).
In opposition to the plaintiff's showing, the defendants failed "to produce evidentiary proof in admissible form sufficient to demonstrate the existence of a triable issue of fact as to a bona fide defense" (Eastern Sav. Bank, FSB v Sassouni, 68 AD3d 917, 917; see State Bank of Albany v Fioravanti, 51 NY2d 638, 647; Solomon v Burden, 104 AD3d 839; Wells Fargo Bank, N.A. v Webster, 61 AD3d 856; Aames Funding Corp. v Houston, 44 AD3d 692, 693; Republic Natl. Bank of N.Y. v O'Kane, 308 AD2d 482), "such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (Mahopac Natl. Bank v Baisley, 244 AD2d 466, 467; see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 183; Bank of Am., N.A. v DeNardo, 151 AD3d 1008, 1010; CitiMortgage, Inc. v Guillermo, 143 AD3d 852, 853; Flushing [*3]Sav. Bank, FSB v Sharp Realty, LLC, 136 AD3d 652). With regard to their allegations of fraud set forth in their affidavit, the defendants failed to raise a triable issue of fact as to the elements of material misrepresentation and justifiable reliance upon the alleged misrepresentation (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d 912, 914; JP Morgan Chase Bank, N.A. v Hall, 122 AD3d 576, 579; House of Spices [India], Inc. v SMJ Servs., Inc., 103 AD3d 848, 850). First, the defendants' allegations that they "relied upon prior or contemporaneous statements of the plaintiff at the time of the execution of the note . . . violate the parol evidence rule and are barred" (M & T Mtge. Corp. v Ethridge, 300 AD2d 286, 287; see North Fork Bank & Trust Co. v Bernstein & Gershman, 201 AD2d 472). " [E]vidence of what may have been agreed orally between the parties prior to the execution of an integrated written instrument cannot be received to vary the terms of the writing'" (Bontempts v Aude Constr. Corp., 98 AD3d 1071, 1072, quoting Braten v Bankers Trust Co., 60 NY2d 155, 162; see Gill v Bowne Global Solutions, Inc., 8 AD3d 339, 340; Del Vecchio v Cohen, 288 AD2d 426, 427). Neither the purported oral agreement, entered into with Knightbridge's broker, Wilhelmina Smith, who allegedly represented that Knightbridge would pay the defendants $100,000 for repairs at the closing, nor the purported modified oral agreement at the closing, to the effect that Knightbridge would pay the defendants that amount once the funds cleared, was reflected anywhere in the written loan documents between Knightbridge and the defendants. Thus, the defendants would not be permitted to submit evidence of the purported oral agreement or modified oral agreement at a trial (see Braten v Bankers Trust Co., 60 NY2d at 161-162; Bontempts v Aude Constr. Corp., 98 AD3d at 1073; M & T Mtge. Corp. v Ethridge, 300 AD2d at 287; North Fork Bank & Trust Co. v Bernstein & Gershman, 201 AD2d at 472-473). In addition, "[w]hile a general merger clause is ineffective to exclude parol evidence of fraud in the inducement, a specific disclaimer defeats any allegation that the contract was executed in reliance upon contrary oral representations" (Legum v Russo, 133 AD3d 638, 640 [internal quotation marks omitted]; see Barnaba Realty Group, LLC v Solomon, 121 AD3d 730, 731; DiBuono v Abbey, LLC, 95 AD3d 1062, 1064). Here, the defendants' claim of fraud in the inducement, based upon alleged prior oral agreements, is barred by their signatures acknowledging a "Notice of No Oral Agreements," which specifically applied to, inter alia, "evidence of prior . . . oral agreements of the parties" (see Legum v Russo, 133 AD3d at 640).
Since the defendants rely on the same inadmissible evidence for their equitable estoppel defense, their " unsubstantiated allegations or assertions are insufficient'" to defeat the plaintiff's showing on that ground as well (State Bank of Albany v Fioravanti, 51 NY2d at 647, quoting Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and to strike their answer, and for an order of reference.
Furthermore, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was for leave to renew. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]). Renewal "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (JPMorgan Chase Bank, N.A. v Novis, 157 AD3d 776, 777 [internal quotation marks omitted]; see Fardin v 61st Woodside Assoc., 125 AD3d 593, 595; Jovanovic v Jovanovic, 96 AD3d 1019, 1020). Here, the defendants failed to set forth a reasonable justification for failing to present the alleged new facts in connection with their prior opposition to the plaintiff's motion (see CPLR 2221[e][3]; DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1026; Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891; Jovanovic v Jovanovic, 96 AD3d at 1020-1021).
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court