Deutsche Bank Natl. Trust Co. v Kingsbury (2019 NY Slip Op 02681)





Deutsche Bank Natl. Trust Co. v Kingsbury


2019 NY Slip Op 02681


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-13239
 (Index No. 12996/12)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Phillip Kingsbury, etc., appellant, et al., defendants.


Joseph Falbo, Jr., Mineola, NY (Raymond S. Voulo of counsel), for appellant.
Shapiro DiCaro & Barak, LLC, Rochester, NY (Jason P. Dionisio and Ellis M. Oster of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Phillip Kingsbury appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 17, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2006, the defendant Phillip Kingsbury (hereinafter the defendant) executed an adjustable-rate note in the amount of $618,000 in favor of New Century Mortgage Corporation (hereinafter New Century), which was secured by a mortgage on real property located in Wantagh. By assignment executed on March 24, 2009, the mortgage was assigned to the plaintiff. In October 2012, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. Annexed to the complaint was a copy of the note, which was endorsed in blank. The defendant served an answer in which he asserted, inter alia, the affirmative defense that the plaintiff lacked standing. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant. The Supreme Court, inter alia, granted that branch of the plaintiff's motion, and the defendant appeals.
Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056; US Bank N.A. v Cohen, 156 AD3d 844, 845; Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056; CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; US Bank N.A. v Cohen, 156 AD3d at 845). A plaintiff establishes its standing to commence a foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 725; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862). Either a written assignment of the underlying note or the physical [*2]delivery of the note prior to the commencement of the action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; U.S. Bank, N.A. v Noble, 144 AD3d 786, 786).
Here, the plaintiff established, prima facie, its standing by demonstrating that the original note was in its possession when it commenced the action, as evidenced by its attachment of a copy of the original note, endorsed in blank, to the summons and complaint when the action was commenced (see Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, 546; CitiMortgage, Inc. v McKenzie, 161 AD3d at 1041; U.S. Bank N.A. v Henry, 157 AD3d 839, 841; U.S. Bank N.A. v Saravanan, 146 AD3d 1010). The plaintiff also established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of default.
In opposition, the defendant failed to raise a triable issue of fact. The defendant's contentions regarding the validity of the mortgage assignment are irrelevant to the issue of the plaintiff's standing (see Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296; New York Community Bank v McClendon, 138 AD3d 805, 807). Further, where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; U.S. Bank N.A. v Henry, 157 AD3d at 841; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court